UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

HAROLD GIGNAC,

                                        PLAINTIFF,                          **AMENDED COMPLAINT**

                    -AGAINST-                                               **14 CV 7341 (CBA)(CLP)**

NEW YORK CITY, POLICE OFFICER RONALD
SANCHEZ and SERGEANT JOSHUA BIENVENUE,
individually, and in their capacity as members of the New
York City Police Department,

                                        DEFENDANTS.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff Mr. Harold Gignac ("Mr. Gignac") seeks relief

    for the violation of his rights secured by 42 USC 1983, the Fifth and Fourteenth

    Amendments to the United States Constitution.

2.  The claims arise from an incident on or about August 11, 2014, in which officers of

    the New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Mr. Gignac to *Denial of Due Process*.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    Defendants and an award of costs and attorneys' fees, and such other and further

    relief as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fifth and

    Fourteenth Amendments to the United States Constitution.

5.  Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6.  Plaintiff, Mr. Gignac, is a 23-year-old citizen of the United States and at all times here relevant resided at 68-17 62nd Street, Apartment 2R, Ridgewood, Queens, NY 11385.

7.  New York City is a municipal corporation organized under the laws of the State of New York.

8.  Police Officer Ronald Sanchez ("PO Sanchez") and Sergeant Joshua Bienvenue ("Sgt. Bienvenue") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9.  At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Gignac is a 23-year old freelance television and film production assistant.

11. Mr. Gignac is Type 1 diabetic, having been diagnosed when he was just nine years old.

12. Mr. Gignac carries insulin and needles on his person at all times and requires insulin injections approximately every three to four hours.

13. On or about August 11, 2014, at approximately 10:30 pm, Mr. Gignac was parked in his car on East 21st Street in Brooklyn.

14. Mr. Gignac was not feeling well on account of high blood sugar.

15. PO Sanchez and Sgt. Bienvenue approached Mr. Gignac's car.

16. Mr. Gignac told PO Sanchez and Sgt. Bienvenue that he was a diabetic and showed the police officers his insulin and needles.

17. PO Sanchez and Sgt. Bienvenue took the insulin and needles from Mr. Gignac.

18. PO Sanchez and Sgt. Bienvenue searched Mr. Gignac's car and found a quantity of marihuana.

19. PO Sanchez and Sgt. Bienvenue arrested Mr. Gignac and transported him to the 70th Precinct.

20. At the precinct, Mr. Gignac informed several police officers, including PO Sanchez and Sgt. Bienvenue, that he was diabetic and required to take insulin regularly.

21. Mr. Gignac informed the police officers at the precinct, including PO Sanchez and Sgt. Bienvenue, that he would need to take insulin within the two hours of arriving at the precinct.

22. PO Sanchez and Sgt. Bienvenue informed Mr. Gignac that they required a paramedic to administer medicine but that Mr. Gignac should be released shortly.

23. Mr. Gignac was held in a cell at the precinct.

24. Mr. Gignac's condition began to deteriorate.

25. Mr. Gignac repeatedly requested that he be administered insulin, but his requests were ignored by the police officers at the precinct, including PO Sanchez and Sgt. Bienvenue.

26. Mr. Gignac was taken to be interviewed by a detective in the precinct and needed assistance getting up and down the stairs.

27. Upon information and belief, Sgt. Bienvenue gave Mr. Gignac a bottle of water.

28. As a result of drinking the bottle of water, Mr. Gignac threw up in the cell.

29. Other inmates in the cell informed police officers, including PO Sanchez and Sgt. Bienvenue, that Mr. Gignac had thrown up and was drifting in and out of consciousness.

30. Mr. Gignac still did not receive medical attention.

31. At approximately 3:00 am on August 12, 2014, police officers finally called an ambulance.

32. Mr. Gignac was taken by ambulance to Maimonides Medical Center.

33. Mr. Gignac was suffering from Diabetic Ketoacidosis and was unconscious.

34. When Mr. Gignac regained consciousness he was in Maimonides Medical Center.

35. Mr. Gignac was mostly unconscious throughout August 12, 2014, waking only to throw-up and use the bathroom.

36. Mr. Gignac was admitted in Maimonides Medical Center and treated for four days before he was fit to be discharged.

37. There were police officers observing Mr. Gignac at all times while he was in Maimonides Medical Center.

38. On or about August 15, 2014, Mr. Gignac was discharged and taken back to the precinct.

39. Upon discharge Mr. Gignac still required frequent blood glucose monitoring.

40. Mr. Gignac was taken to central bookings and charged with disorderly conduct.

41. Mr. Gignac continues to feel traumatized by the events of August 2014, and is wary and fearful when he sees police officers.

42. Mr. Gignac takes efforts to avoid police officers when in public.

43. Mr. Gignac suffered physical injuries as result of the incident, including Diabetic Ketoacidosis, which is a life threatening condition.

44. Mr. Gignac suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, and anxiety.


**FIRST CAUSE OF ACTION**

(42 USC 1983 – Denial of Due Process)

45. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

47. Defendants have deprived plaintiff of his right to due process, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was denied medical care as a pre-trial detainee.

48. Plaintiff's injury was serious and Defendants had reason to believe that Plaintiff's injury was serious.

49. Defendants failed to promptly and reasonably procure competent medical aid for Plaintiff.

50. Defendants' failure to promptly and reasonably procure competent medical aid for Plaintiff was not reasonably related to a legitimate governmental objective.

51. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            June 25, 2015


                              By:        /s/
                                   Malcolm Anderson (MA 4852)
                                   PetersonDelleCave LLP
                                   Attorney for Plaintiff
                                   233 Broadway, Suite 1800
                                   New York, NY 10279
                                   (212) 240-9075